# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA K. HOWES,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV-12-00085-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 20. Attorney Lora Lee Stover represents plaintiff (Howes). Special Assistant United States Attorney Willy Le represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

motion for summary judgment, ECF No. 20.

## JURISDICTION

Howes applied for supplemental security income disability benefits (SSI) on April 15, 2009, alleging an amended onset date of April 15, 2009 (Tr. 63, 163-70). The claim was denied initially and on reconsideration (Tr. 120-23, 127-28).

Administrative Law Judge (ALJ) Caroline Siderius held a hearing September 8, 2010. Howes, represented by counsel, and a vocational expert testified (Tr. 60-88). On September 30, 2010, the ALJ issued an unfavorable decision (Tr. 39-53). The Appeals Council initially granted review and proposed finding claimant not eligible for benefits, but indicated they would consider additional evidence (Tr. 12-22, 155-61). After considering additional evidence, the Council issued a decision on December 9, 2011 denying review (Tr. 1-10), making the ALJ's decision final. On February 7, 2012 Howes filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 2, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Howes was 47 years old when she applied for benefits and 49 at the hearing (Tr. 49). She earned one or three AA degrees and completed four or more years of

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

college (Tr. 188, 306, 511). Howes worked part-time in March 2004 as a home health attendant. She admitted at the hearing she was recently laid off as an apartment manager because she could not mow the lawns, fix locks, etc. She lives alone, has a driver's license, and testified she has a prescription for marijuana to relieve chronic pain. Howes has pain in her back, neck, feet, knees, hips and hands (Tr. 63-68, 84, 254).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past

work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

## ALJ'S FINDINGS

ALJ Siderius noted Howes had previously applied for benefits, been denied and failed to appeal. She found no basis for reopening the prior determination (Tr. 39, 61-63).

The ALJ found at step one that Howe did not work at SGA levels after onset (Tr. 41). At steps two and three, she found Howes suffers from fibromyalgia, post bilateral shoulder reconstruction, degenerative disc disease, depression and anxiety, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 41-43). The ALJ found Howes less than credible (Tr. 44-46, 49). She found Howes is able to perform a range of light work  (Tr. 43). At step four, the ALJ found Howes is unable to perform her past relevant work (Tr. 51). At step five, the ALJ found with an RFC for a range of light work, Howes can perform other jobs, such as mail clerk, cleaner, charge account clerk, escort driver and surveillance system monitor. Alternatively, the ALJ found with an RFC for a range of sedentary work Howes would be able to work as a charge account clerk and escort vehicle driver. Accordingly, the ALJ found Howes is not disabled as defined by the Act  (Tr. 52-53).

## ISSUES

Howes alleges the ALJ erred when evaluating the evidence and credibility, and at step five. ECF No. 18 at 9. The Commissioner responds that the ALJ's

findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 20 at 2.

## DISCUSSION

*A. Credibility*

Howes alleges the ALJ's credibility assessment is not properly supported. ECF No. 18 at 5, 13-16.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's finding is fully supported.

Work and other activities suggest greater functional capacity than Howes' testimony described. Howes worked for two months as a property manager after onset, indicating that, at least at times, daily activities have been greater than

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

reported. Her employer laid Howes off as a property manager. The layoff notice does not indicate Howes has any kind of impairment (Tr. 44, 49, 64, 265). The ALJ notes Howes had at least two boyfriends after onset, despite stating she has no friends (Tr. 49, 83, 481, 488-89). She was able to mow the lawn at her brother's house, live alone, run errands, prepare meals, drive a car with a manual transmission and shop (Tr. 69-70, 72, 77, 80-83, 308, 328, 478, 489-91). This is inconsistent with the degree of limitation alleged.

There are several unexplained gaps in treatment, suggesting limitations were not as severe as alleged (no back treatment from May 7, 2009 through February 2010; no shoulder treatment from May 7, 2009 until April 23, 2010)(Tr. 45-46). Several months after the hearing a treating doctor notes urinalysis showed Howes was not taking prescribed medication (Tr. 651). Records show Howes gave poor effort during at least two examinations (Tr. 45), referring to Tr. 267 (May 2009); Tr. 447 (June 2010). Treatment has largely consisted of physical therapy and other conservative measures. *See e.g.*, Tr. 320-355, 457, 465. Objective test results are inconsistent with claimed limitations. *See e.g.,* Tr. 457, 464.

Finally, the ALJ notes Howes' poor work history raises the question whether her continuing unemployment is actually due to medical impairments (Tr. 49).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Subjective complaints contradicted by medical records and by daily activities are properly considered. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002). An ALJ may consider unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(citation omitted). Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Failure "to give maximum or consistent effort" during medical evaluations is "compelling" evidence that the claimant is not credible. *Thomas*, 278 F.3d at 959.

The ALJ's credibility assessment is supported by the evidence and free of harmful error.

*B. Medical evidence*

Next, Howes alleges the ALJ gave "no convincing rationale" for "ignoring" treating doctor Pavel Conovalciuc, M.D.'s April 23, 2010 opinion that she is limited to sedentary work. ECF No. 18 at 14, referring to Tr. 493-96. The Commissioner responds that the ALJ gave specific and legitimate reasons for rejecting this contradicted opinion: it is inconsistent with reports from the doctor's office and with his own notes. Loriel Cary, M.A., at Dr. Conovalciuc's office notes Howes gave

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

poor effort during an examination on May 6, 2009. ECF No. 20 at 16-17, 267. On April 27, 2010 (four days after he assessed an RFC for sedentary work) Dr. Conovalciuc sent Howes a "last warning" letter after urinalysis tested positive for marijuana and opiates. He strongly recommended treatment for marijuana addiction (Tr. 451). On April 30, 2010 Dr. Conovalciuc opined x-rays show mild to moderate shoulder joint arthritis, with other findings normal (Tr. 449). After the hearing, in February 2011, Dr. Conovalciuc opined Howes could stand 1-2 hours, sit 4-5 hours, occasionally lift 15 pounds and frequently lift ten (Tr. 600).

The RFC for sedentary work is contradicted by additional objective medical evidence, examining source opinions and Howes' activities (Tr. 457, 500-01, 539, 549-52, 562).

The ALJ did not ignore this opinion. The court agrees with the Commissioner and the Appeals Council (Tr. 159) that the ALJ's reasons are indeed specific, legitimate and supported by substantial evidence. An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Opinions that are internally inconsistent may properly be given less weight. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

Moreover, any error is harmless because the VE testified there are jobs a person with Howes' limitations could do at the sedentary level (Tr. 85-86).

Howes alleges the ALJ erred when she failed to find several impairments severe at step two. She alleges this occurred because the ALJ failed to credit Dr. Conovalciuc's opinion and discounted her subjective complaints. ECF No. 18 at 11, 13-14. The court has already found the ALJ properly weighed the medical evidence and plaintiff's credibility.

*C. Mental RFC and step five*

Howes alleges the ALJ's residual functional capacity assessment is in error because she failed to include moderate limitations in the ability to work in coordination with or proximity to others, to get along with coworkers and to interact appropriately with the public. ECF No. 18 at 16-17, Tr. 277-94, 309). Because the ALJ *included* a limitation for only occasional public contact, Tr. 43, this allegation is unsupported by the record.

Howes' assignment of error with respect to working in proximity to and getting along with others is similarly unavailing. The ALJ notes Howes has had at least two boyfriends since onset. She appears to get along well with family members. Howes admitted in function reports she gets along well with authority figures and has never been fired from a job because of problems getting along with others (Tr. 48, 201, 203, 224, 481, 488-91, 509).

The Commissioner asserts Howes emphasizes the wrong portion of Dr. Kraft's August 2009 opinion, the portion containing the three moderate limitations

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

discussed above. ECF NO. 20 at 15-16; Tr. 277-78. Instead, the Commissioner asserts, the ALJ properly gave significant weight to the narrative portion of the opinion (Tr. 279). Technically the Commissioner is correct. However, the narrative contains a limitation to working with others on a superficial level (Tr. 279). Because the ALJ appropriately included the limitations supported by the record, there was no harmful error.

To the extent Howes' step five allegation repeats the allegation that the ALJ failed to properly weigh the evidence, including her credibility, the court has determined there was no error.

Howes alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

The ALJ's determinations are supported by the record and free of harmful legal error.

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 20**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 17, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 19th day of November, 2013.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14